HAENDIGES, Appellee,

v.

HAENDIGES et al., Appellees;

General Industries Company, Appellant.

[Cite as *Haendiges v. Haendiges* (1992), 82 Ohio App.3d 720.]

Court of Appeals of Ohio,
Union County.

No. 14–92–17.

Decided Oct. 20, 1992.

---

*Michael J. Grigsby,* for appellee, Dixie Haendiges.

*John W. Dailey, Jr.,* for appellees, John and Nona Haendiges.

*R. Larry Schneider,* Union County Prosecuting Attorney, and *David Phillips,* Assistant Prosecuting Attorney, for appellees, Union County Commissioners and Department of Human Services.

*Benesch, Friedlander, Coplan & Aronoff, David W. Mellott* and *David A. Francy,* for appellant.

---

SHAW, Judge.

Defendant-appellant, General Industries Company, appeals the judgment of the Union County Common Pleas Court dismissing this case with prejudice following a satisfaction of judgment.

Plaintiff Dixie Haendiges filed this lawsuit on July 11, 1991, seeking to recover money due her under a judgment for maintenance previously entered against her ex-husband, John Haendiges. Among the several persons and organizations named as defendants were John Haendiges and his employer, General Industries. Plaintiff's complaint alleged that the various defendants had intentionally or negligently aided John Haendiges in defrauding plaintiff and delaying her efforts to collect the money due her under the judgment.

On November 8, 1991, the trial court granted plaintiff's motion for a default judgment against General Industries, which had failed to answer or appear. Plaintiff was awarded a total of $34,042.69.

On February 14, 1992, General Industries filed a motion for relief from judgment and a motion to stay execution of judgment. The trial court overruled both motions. On March 4, 1992, General Industries paid the entire judgment to plaintiff. Plaintiff then filed a satisfaction of judgment.

On March 9, 1992, the trial court entered a dismissal of the case with respect to the remaining defendants, which read:

"The Court, being fully advised that the plaintiff herein has recovered the full amount of the judgment rendered in her favor herein against General Industries Company, and that said judgment is fully satisfied, it is ORDERED that this case be and is hereby dismissed, with prejudice, as to all parties."

Thereafter, General Industries filed the instant appeal, asserting the following sole assignment of error:

"After finding defendant-appellant General Industries had fully satisfied plaintiff-appellee's judgment against only General Industries, the trial court erred in dismissing the case 'with prejudice' as to all parties rather than dismiss[ing] the remainder of the case without prejudice as being moot."

█ The assignment of error, in essence, raises the following issue:

In a case where multiple defendants are sued on a theory of joint and several liability in tort, and one of the defendants is found liable by default, and that same defendant then fully satisfies the judgment taken against it, is it an abuse of discretion or erroneous as a matter of law for the trial court to

then enter a judgment of dismissal with prejudice as to the remaining defendants?

The first order of the trial court relevant to this appeal is the default judgment entered against General Industries. "Judgments by default are final and conclusive against the judgment debtor * * * just as are judgments generally." 63 Ohio Jurisprudence 3d (1985) 118, Judgments, Section 346. More specifically, a default judgment "has the same force and virtue under the law as if it were a judgment pronounced upon a verdict after a full trial and full proceedings had thereon." 63 Ohio Jurisprudence 3d (1985) 117, Judgments, Section 344.

Upon being found liable for its tortious conduct, albeit by default, and the judgment for full damages entered against it, General Industries proceeded to completely satisfy, or pay, the judgment. As to the effect of a full satisfaction of judgment on the parties to the proceeding, "[t]he law of Ohio is well-settled that an injured party is entitled to only one satisfaction for his injuries, 'and that receipt of full compensation from one of several persons whose concurrent acts of negligence are the basis of a suit for damages for personal injuries releases all.'" *Seifert v. Burroughs* (1988), 38 Ohio St.3d 108, 110, 526 N.E.2d 813, 814, quoting *Royal Indemn. Co. v. Becker* (1930), 122 Ohio St. 582, 589, 173 N.E. 194, 196.

Thus, once the judgment, for the entire amount sought by plaintiff, was satisfied in full by General Industries, the plaintiff was completely precluded from pursuing her claims versus the remaining defendants, and the remaining defendants effectively escaped any possible liability towards the plaintiff.

We note that appellant is unable to point to any authority to indicate a dismissal with prejudice was an abuse of discretion or otherwise erroneous under these circumstances. For these reasons, we are not prepared to hold that it was either an abuse of discretion or otherwise erroneous as a matter of law for the trial court to so rule.

However, in arriving at this conclusion, it becomes apparent that there are serious questions of standing and mootness in this appeal as well. It is well settled that "the right to appeal can be exercised only by those parties who are able to demonstrate a present interest in the subject matter of the litigation which has been prejudiced by the judgment of the lower court." *Willoughby Hills v. C.C. Bar's Sahara* (1992), 64 Ohio St.3d 24, 26, 591 N.E.2d 1203, 1205, citing *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.* (1942), 140 Ohio St. 160, 161, 23 O.O. 369, 369, 42 N.E.2d 758, 759. In other words, standing to appeal " 'lies only on behalf of a party aggrieved by the final order appealed from. Appeals are not allowed for the purposes of

settling abstract questions, but only to correct errors injuriously affecting the appellant.' " *Id.*

Applying this test to the case before us, General Industries clearly had standing to appeal the default judgment, as well as the denial of its motion for relief from judgment. However, neither of those judgments is at issue here. Rather, General Industries appeals the judgment of dismissal, a judgment applicable to the plaintiff and to every defendant in the case *except General Industries.* At the time the judgment of dismissal was entered, General Industries had already been adjudged liable and, furthermore, had satisfied the judgment. As the case was therefore complete as between the plaintiff and General Industries, the dismissal appears to have only established, or stated, the effect of the satisfaction upon the status and rights of the plaintiff in relation to the other defendants.

Moreover, General Industries has made no showing that it is directly affected in any way by the judgment of dismissal, as required for it to have standing to appeal that judgment. Its argument on appeal is based entirely on the speculation that the dismissal, as framed, may have some collateral effect on its right to seek indemnification from John Haendiges, one of the original co-defendants.

■ We hasten to add that, even if lack of standing was not a bar to this appeal, we believe that mootness is. The Supreme Court of Ohio, in *Blodgett v. Blodgett* (1990), 49 Ohio St.3d 243, 551 N.E.2d 1249, noted that "[i]t is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." *Id.* at 245, 551 N.E.2d at 1250. Specifically, " ' "[w]here the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." ' " *Id.,* citing *Rauch v. Noble* (1959), 169 Ohio St. 314, 316, 8 O.O.2d 315, 316, 159 N.E.2d 451, 453, quoting *Lynch v. Lakewood City School Dist. Bd. of Edn.* (1927), 116 Ohio St. 361, 156 N.E. 188, paragraph three of the syllabus. Thus, in the case at hand, any further action on the case, such as this appeal, was rendered moot once General Industries satisfied the judgment in full.

For all of these reasons, the assignment of error is overruled and the judgment of the trial court is affirmed.

*Judgment affirmed.*

Evans and Thomas F. Bryant, JJ., concur.