OPINION
Plaintiff-appellant, Beth Farmer, appeals various decisions of the Columbiana County Court of Common Pleas entered subsequent to her divorce from defendant-appellee, David Farmer.
Appellant and appellee were granted a divorce on December 30, 1996. As part of the property division, appellee was to receive $6,500 from appellant, should appellant elect to purchase the marital property, which sum represented appellee's share of the equity in the marital residence. This amount was reduced by $1,000 that appellee was ordered to pay appellant towards her legal fees. In addition, the trial court ruled that appellee was entitled to a chainsaw, a stereo, a dining room table, and some paint brushes that were located in the marital residence.
On November 13, 1997, the trial court received a letter from appellee. The letter stated that appellee had received $4,300 rather than the $5,500 he was entitled to, and that appellee had not been able to retrieve his belongings from the marital residence. The letter went on to state that appellee's lawyer had told him that he would need to find another lawyer in order to file contempt charges to enforce the prior judgment entry. In conclusion, appellee expressed his disdain that even though the trial court had made its order no one was apparently prepared to abide by it.
The trial court elected to treat the letter as a contempt motion and set the matter for hearing on January 16, 1998. Both parties appeared at the hearing without counsel, whereupon Magistrate Coleen Dailey discovered that appellant had not been sent a copy of appellee's letter. With respect to appellee's claims that he did not receive all of his portion of the equity in the marital residence, the magistrate continued this matter until March 5, 1998 to permit both parties to consult their attorneys and to gather copies of the pertinent correspondence and checks. The magistrate personally gave appellant a copy of appellee' s letter.
With respect to the personal belongings, the magistrate made no finding of contempt against either party, finding instead that the animosity between the parties had prevented any agreement as to the time and date of an exchange. As such, the magistrate ordered that appellee was to pick up the items at noon on January 24, 1998, and that failure to do so on his part would constitute forfeiture of the items.
On January 26, 1998, appellant, through her counsel, filed objections to the magistrate's order. The objections did not specifically relate to particular provisions in the order, but, rather, appellant claimed that the trial court had erred in treating appellee's letter as a motion. Specifically, appellant complained: (1) that the letter did not contain the names and addresses of both parties as required by Columbiana County Local Rule 2; (2) that the letter did not satisfy the caption and numbered paragraph requirements of Civ.R. 10(A); (3) that the letter had failed to invoke the continuing jurisdiction of the trial court pursuant to Civ.R. 75; (4) that the trial court had erred in construing the letter as a contempt motion without notice to appellant and where the letter did not request a show cause order; (5) that the letter had not been served upon appellant as required by Civ.R. 4; and (6) that appellee had not paid the $40 filing fee required to reopen the matter.
A hearing on appellant's objections was set for April 3, 1998. On March 12, 1998, the magistrate filed an order stating that appellant had failed to appear in connection with the contempt hearing that had been continued until March 5, 1998. The magistrate noted that the January 16, 1998 order had made no final disposition of the contempt motion concerning the money appellee claimed appellant had not paid him, and that under Civ.R. 53(B)(3)(b) the order could not be stayed by the filing of objections unless a stay was granted by the magistrate or trial court. The magistrate reset the hearing for April 2, 1998.
Appellant filed objections to this order on March 17, 1998. Specifically, appellant claimed that the magistrate lacked personal and subject matter jurisdiction based on the objections previously filed, which appellant incorporated by reference. In addition, appellant requested that the objections to the magistrate's March 12, 1998 order be consolidated with the previously filed objections to the January 16, 1998 order, and that the April 2, 1998 hearing date be continued until after the trial court had ruled on the objections.
Appellant failed to appear at the hearing scheduled for April 2, 1998. Both sets of appellant's objections were heard by the trial court on April 3, 1998. Following the hearing, on May 8, 1998, the trial court sustained the magistrate's decision of March 12, 1998, overruling appellant's jurisdictional objections.
A hearing on the contempt motion was set for May 15, 1998. On May 29, 1998, the magistrate issued a journal entry finding that appellee had accepted a negotiated settlement check of $4,750 in lieu of any other additional claims against appellant. The magistrate ruled that appellee had accepted the amount and had no right to receive any additional money from appellant. As such, the contempt motion was overruled, and costs were taxed to appellee.
On June 12, 1998, appellant filed objections to the magistrate's decision of May 29, 1998, again raising and incorporating by reference the jurisdictional objections filed to the January 16, 1998 order. At a hearing held on August 7, 1998, counsel for appellant stated that she had filed the objections because she felt it procedurally necessary to do so prior to filing an appeal. Appellee stated that he had gone to pick up his personal property at the time specified by the magistrate but had been told by appellant not to come as she was going to appeal the magistrate's decision. Appellant requested that the trial court set a new time for appellant to pick up his personal property. The trial court declined to order a pick-up time and implied that if the parties could not agree to a time among themselves then the issue would again come before the court if appellee filed the appropriate motion. Subsequently, on August 10, 1998, the trial court issued a judgment entry overruling appellant's objections.
On September 1, 1998, appellant filed a notice of appeal from the magistrate's orders of January 16, 1998 and March 12, 1998 and from the trial court's orders of May 8, 1998 and August 10, 1998. Appellant raises two assignments of error and requests this court to dismiss the motion proceedings for lack of jurisdiction. However, it is well established in Ohio that an appeal lies only on behalf of a party aggrieved. Huntington Mtge. Co. v. Shanker
(1993), 92 Ohio App.3d 144, 151 (citing In re Guardianship ofLove [1969], 19 Ohio St.2d 111, 113). Appealing parties must be able to demonstrate not only a present interest in the subject matter of the litigation but also that they have been prejudiced by the judgment of the lower court. Haendiges v. Haendiges
(1992), 82 Ohio App.3d 720, 723 (citing Willoughby Hills v. C.C.Bar's Sahara, Inc. [1992], 64 Ohio St.3d 24, 26). As previously noted by the Supreme Court of Ohio:
 "Appeals are not allowed for the purpose of settling abstract questions, but only to correct errors injuriously affecting the appellant." Ohio Contract Carriers Assn. Inc. v. Public Utilities Comm. of Ohio
(1942), 140 Ohio St. 160, syllabus
In the instant case, appellant has failed to demonstrate how she has been prejudiced by the trial court's actions. With respect to appellee's personal property, the magistrate set a date for collection, which date came and went without appellee collecting his property. The trial court declined to set a new date. Appellant has not turned over the property nor has a new date for collection been set. The trial court noted that if appellee wished to collect his possessions he would have to litigate the matter by filing a motion.
With respect to the remainder of the contempt motion, the magistrate found for appellant and overruled appellee's motion, a decision adopted by the trial court. Appellant has failed to demonstrate how she was prejudiced by this order. This court will not settle appellant's abstract jurisdictional questions where appellant has failed to demonstrate how she was prejudiced by the trial court's disposition of the matter. The record indicates that in all respects appellant prevailed at the trial court level. We can only speculate as to the motivation underlying so frivolous an appeal where, as here, appellant seeks the dismissal of a motion already overruled in her favor.
Accordingly, for lack of an aggrieved party this appeal is dismissed.
Cox, J., concurs.
Waite, J., concurs.
APPROVED: Gene Donofrio, Judge.