OPINION
This matter presents a timely appeal from a judgment rendered by the Mahoning County Common Pleas Court, granting the motion for summary judgment filed by defendant-appellee, Steven J. Krekus Architects, Inc. (Krekus), against plaintiff-appellant, Scott W. Spencer (Spencer), defendant/third party plaintiff-appellant, The Magic Twanger Restaurant (Twanger), and third party defendant-appellant, The Bishara Co., Inc. (Bishara).
On April 26, 1993, appellant Spencer entered the Magic Twanger Restaurant and purchased food and beverages. As he left the restaurant and walked into the parking lot, he stepped from the sidewalk onto the side of a handicap access ramp located perpendicular to the sidewalk. Allegedly as a result, Spencer fractured the tibia and fibula in his left leg and dislocated his left ankle. Spencer was hospitalized and underwent surgery due to his injuries. Local, state and federal building codes in place at the time allegedly required certain specifications and delineations be made with regard to handicap access ramps.
On April 26, 1994, Spencer filed a complaint in the Mahoning County Common Pleas Court against the Magic Twanger Restaurant, its owner, Michael Simon, and various John, James and Joseph Doe defendants and corporations to represent unidentified architects, general contractors, subcontractors and other assistants who worked on or aided in the design, construction and supervision of the construction of the handicap access ramp. Spencer alleged that the handicap access ramp was unmarked, unidentified and inadequately illuminated in violation of local, state and federal building codes. Spencer also alleged that the ramp was constructed of built-up asphalt, steeply beveled at approximately a forty-five degree angle and not texturally identifiable to business invitees like himself, also in violation of then existing building codes and regulations.
Spencer contended that as a result of the building code violations, the named and unnamed defendants were negligent in the maintenance of the premises and negligent per se in the construction of the ramp. Spencer alleged that as a result of the negligence, he, his wife and children suffered injuries and loss of services in excess of $600,000.00.
On December 8, 1994, Twanger filed a third party complaint alleging that identified third party defendants caused the faulty construction of the handicap access ramp resulting in Spencer's injuries and alleging that, if Twanger should be held liable for Spencer's injuries, contribution and indemnification should be granted in their favor. The third party complaint. identified the responsible parties as The Bishara Company, the general contractor in charge of building the restaurant; Westfield Insurance Company, Bishara Company's insurer; R.T. Vernal Paving Company, Bishara's paving subcontractor; F. Ivan Law, Bishara's sidewalk contractor; and Krekus, the architect who designed the restaurant and perimeter.
On February 9, 1995, Krekus filed an answer to the third party complaint denying Twanger's allegations and cross-claiming against the other third party defendants for shared liability should it be found liable to Spencer or any third party. While discovery was proceeding on Spencer's complaint and the third party complaint, Krekus filed a motion for summary judgment.
On June 22, 1995, Spencer filed a motion for extension of time pursuant to Civ. R. 56(F) so that additional discovery could be had to determine the responsibility of the parties in the design, construction, and monitoring of the handicap access ramps. Twanger was granted leave until August, 7, 1995, to respond to Krekus' summary judgment motion.
On July 13, 1995, Spencer filed a memorandum in opposition to Krekus' request for summary judgment, attaching his own affidavit restating the facts in his complaint, alleging building code violations and including the hearsay testimony of a purported expert witness who was earlier examined in an unrelated case regarding building code violations.
On August 4, 1995, Twanger, et al. filed a notice of voluntary dismissal under Civ.R. 41(A)(1), dismissing its third party complaint against Krekus.
Thereafter, on August 14, 1995, a year and four months after filing the original complaint, Spencer filed his first amended complaint, identifying his previously unnamed defendants, including Krekus.
On August 18, 1995, Krekus filed a motion asking that the trial court dismiss the amended complaint or grant summary judgment in his favor as the complaint was untimely filed beyond the two-year statute of limitations contained in R.C. 2305.10, and Spencer failed to serve his complaint personally upon Krekus or within the statutorily required one-year time period. Other parties followed suit with motions to dismiss on the same grounds.
On September 11, 1995 over a month beyond its granted extension deadline, Twanger filed a memorandum in opposition to the first Krekus summary judgment motion. This was filed as a protective measure, despite the August 4, 1995 voluntary dismissal filed by Twanger. Bishara also filed in opposition to Krekus' summary judgment motion, stating that Krekus supplied Bishara with specifications in designing the handicap access ramp and that the construction contract bound Krekus to a high degree of control over the project.
On November 21, 1995, the trial court overruled motions to dismiss filed by all defendants, including Krekus. The trial court found that the third party defendants were at least put on notice of Spencer's cause of action prior to the expiration of the statute of limitations and the filing of the amended complaint because of the filing of the third party complaint naming them. The trial court held that the amended complaint therefore related back to the date of filing of the original complaint on April 26, 1994.
On December 4, 1995, Spencer and Krekus stipulated that Krekus be granted leave until December 23, 1995, to respond to interrogatories propounded by Spencer. On December 14, 1995, before these responses were due, the trial court granted Krekus' motion for summary judgment on the complaint and the third party complaint, finding that there were no genuine issues of material fact. On December 15, 1995, Krekus served its responses to Spencer's interrogatories.
On January 8, 1996, Spencer filed a motion for reconsideration as to the grant of summary judgment against him. Spencer argued that Bishara's responses to its interrogatories and statutory law demonstrated that Krekus was liable as it was intimately involved in the design, construction or supervision of construction of the access ramp. Spencer also used as support, Krekus' responses to interrogatories received immediately after summary judgment was granted. On January 12, 1996, the trial court overruled Spencer's motion for reconsideration.
On January 12, 1996, Spencer and Twanger filed separate notices of appeal with this court. On March 11, 1996, Spencer voluntarily dismissed the lower court action in case number 94-CV-1087 against all defendants. Krekus immediately filed a motion to dismiss the appeals with this court, arguing that since Spencer voluntarily dismissed his case against it and Twanger had earlier voluntarily dismissed its case, the appeals were moot. On April 23, 1996, this court overruled the motion to dismiss the appeals with no discussion.
On April 16, 1996, Spencer refiled his complaint against all defendants under case number 96-CV-1000. On June 21, 1996, Twanger filed its amended answer and again cross-claimed against The Bishara Co., R.T. Vernal Paving Co., F. Ivan Law, Inc. and Krekus Architects. On August 23, 1996, Krekus moved for leave to file its motion for summary judgment. Before such motion was granted, the trial court, on September 18, 1997, granted summary judgment in favor of Krekus. The trial court based its decision on its prior granting of summary judgment in Krekus' favor rendered on December 14, 1995. The trial court's reasoning for its September 18, 1997 judgment entry granting summary judgment to Krekus was to prevent unnecessary delay.
On April 1, 1998, this court rendered its opinion based upon the trial court's December 14, 1995 judgment entry. This court found that Spencer had not properly served Krekus as required under Civ.R. 15(D) and thus, Spencer did not file his cause of action against Krekus within the two-year statute of limitations.Spencer v. Magic Twanger Restaurant (April 1, 1998), Mahoning App. No. 96-CA-12, unreported. Therefore, this court held that the trial court's granting of summary judgment in favor of Krekus against Spencer was proper. This court further recognized that Twanger voluntarily dismissed its third party complaint. However, this court realized the possibility of Twanger's refiling a third party complaint and held that the trial court erred in granting Krekus' motion for summary judgment against Twanger.
The parties to this action are presently appealing the trial court's September 18, 1997 judgment entry granting Krekus' motion for summary judgment against Spencer, Twanger and Bishara. Before discussing the assignments of error, it is first noted that Bishara did not file a brief in this matter. Therefore, pursuant to App.R. 18(C), Bishara's appeal is dismissed for failure to prosecute.
It is further noted that both Spencer and Twanger have filed briefs in this matter. These briefs present essentially the same issues on appeal. However, the trial court's September 18, 1997 judgment entry did not prejudice Spencer, as this court had previously held that the trial court properly granted Krekus' motion for summary judgment against Spencer. Spencer, supra. An appeal only lies on behalf of a party aggrieved. Huntington Mtge.Co. v. Shanker (1993), 92 Ohio App.3d 144, 151 (citing In reGuardianship of Love (1969), 19 Ohio St.2d 111, 113). An appealing party must be able to prove both a present interest in the subject matter of the litigation and that prejudice has resulted from the judgment of the lower court. Haendiges v.Haendiges (1992), 82 Ohio App.3d 720, 723 (citing WilloughbyHills v. C.C. Bar's Sahara, Inc. (1992), 64 Ohio St.3d 24, 26). Since Spencer was not aggrieved by the September 18, 1997 judgment entry, based upon this court's previous decision, it may not appeal that judgment entry in the current appeal. Nonetheless, based upon this court's previous holding, the trial court was correct in granting Krekus' motion for summary judgment as it pertained to Spencer, and this court affirms that part of the trial court's September 18, 1997 judgment entry.
Given that Twanger is the only appellant remaining in this appeal, only Twanger's issues and assignments of error will be considered.
Twanger sets forth four assignments of error on appeal.
Since Twanger's first, second, third and fourth assignments of error have a common basis in law and fact, they will be discussed together and allege respectively as follows:
 "The trial court erred by granting summary judgment to defendant/appellee Krekus Architect sua sponte.
 "The trial court failed to apply the proper evidentiary standard in weighing the evidence before it and granting summary judgment to defendant/appellee Krekus Architect.
 "The trial court improvidently granted summary judgment to defendant/appellee Krekus Architect because genuine issues of material fact exist regarding its duties and involvement in the design and construction of the handicap ramps at issue in the litigation.
 "The trial court failed to recognize the statutory duty place on an architect to comply with statutes and administrative regulations."
Under its assignments of error, Twanger particularly argues that the trial court erred when it granted Krekus' motion for summary judgment. Twanger first argues that the trial court erred in granting Krekus' motion for summary judgment sua sponte. A trial court generally commits error in granting a motion for summary judgment sua sponte. However, the specific facts of this case demonstrate that the trial court's sua sponte granting of summary judgment was harmless. This case was originally filed under case number 94-CV-1087, and the trial court's December 14, 1995 judgment entry awarding summary judgment to Krekus was based upon that case. Spencer voluntarily dismissed his suit against all defendants and refiled his complaint under case number 96-CV-1000, naming the same defendants and raising the same issues as those in the original case. On August 23, 1996, Krekus moved for leave to file a motion for summary judgment under case number 96-CV-1000, which would presumably have been based upon the same grounds as its motion for summary judgment in 94-CV-1087. The trial court responded to Krekus' motion to leave by granting summary judgment in favor of Krekus on September 18, 1997. The trial court based its decision upon its prior December 14, 1995 judgment entry. Since Twanger was provided an opportunity to oppose the original motion for summary judgment, it was not prejudiced by the trial court acting sua sponte in granting Krekus' motion for summary judgment.
Twanger's first assignment of error is found to be without merit.
Twanger's remaining assignments of error allege that the trial court erred in granting Krekus' motion for summary judgment because there was a genuine issue of material fact. This court has previously held that the trial court should not have granted Krekus' motion for summary judgment as it pertained to Twanger. This court found that a genuine issue of material fact existed to the extent of Krekus' involvement and responsibility with regard to the design, construction and supervision of the construction of the ramp. Spencer, supra. This court reaffirms its previous holding and finds that the trial court erred in granting Krekus' motion for summary judgment against Twanger.
Twanger's second through fourth assignments of error are found to be with merit.
The judgment of the trial court is affirmed in part and reversed in part and this cause is remanded for, further proceedings in accordance to the law and consistent with this opinion.
Donofrio, J., concurs.
Waite, J., concurs.
APPROVED:
 ________________________________ EDWARD A. COX, PRESIDING JUDGE.