CASHMAN, APPELLANT, *v.* REIDER'S STOP-N-SHOP SUPERMARKET ET AL., APPELLEES.

(No. 50553 — Decided May 27, 1986.)

*Sidney R. Davis,* for appellant.
*Walter R. Matchinga,* for appellee Reider's Stop-N-Shop Supermarket.
*Davis & Young Co., L.P.A., Jan L. Roller* and *Martin J. Murphy,* for appellee Mary Bilek.

NAHRA, J. This is an appeal from the court of common pleas' decision granting summary judgment against Pauline Cashman in her claim for personal injury. The following facts give rise to this appeal.

On April 21, 1984, Cashman, plaintiff-appellant, according to her affidavit, was struck by a shopping cart in the right knee while she was shopping at Reider's Stop-N-Shop ("Reider's"). The cart that struck Cashman was being pushed by four-year-old Erin Bilek, who was accompanying her mother.

Cashman sued Reider's, Erin Bilek and her mother, Mary Bilek, claiming that their negligence resulted in serious personal injury. All defendants moved for and received summary judgment.[1] This appeal was timely filed.

I

Appellant's first assignment of error is:

"Where Reider's Supermarket invites the general public to its premises for the benefit of Reider's business, and where Reider's is under a continuing duty to exercise reasonable care to police and control their [*sic*] premises, and where Reider's because of their [*sic*] experience and superior knowledge is or should be cognizant of the fact that heavily laden shopping carts require the skill and strength of an adult to control; and where Reider's knew or should have known that small children could not control such carts, and where an elderly customer is injured by a combination of

---

[1] Appellant does not contest the trial court's granting of summary judgment in favor of Erin Bilek.

Reider's failure to control or to discover or prevent such a dangerous situation, it is error for the trial court to grant Reider's motion for summary judgment without considering appellant's cause of action for Reider's negligent failure to discover, prevent or control such a dangerous condition leading to plaintiff's injury."

A property owner may be held liable for negligent acts of third parties which result in injuries to business invitees. The Ohio Supreme Court has adopted 2 Restatement of the Law 2d, Torts (1965) 223-224, Section 344, which provides in pertinent part:

"A possessor of land who holds it open to the public for entry for his business purposes is subject to liability to members of the public while they are upon the land for such a purpose, for physical harm caused by the * * * negligent * * * acts of third persons * * * and by the failure of the possessor to exercise reasonable care to

"(a) discover that such acts are being done or are likely to be done, or

"(b) give a warning adequate to enable the visitors to avoid the harm, or otherwise to protect them against it." See *Holdshoe* v. *Whinery* (1968), 14 Ohio St. 2d 134 [43 O.O.2d 240], at paragraph four of the syllabus.

The court limited this rule in *Howard* v. *Rogers* (1969), 19 Ohio St. 2d 42 [48 O.O.2d 52], at paragraph three of the syllabus:

"Where an occupier of premises for business purposes does not, and could not in the exercise of ordinary care, know of a danger which causes injury to his business invitee, he is not liable therefor."

In the instant case, appellant's affidavit states that she saw Erin Bilek, accompanied by her mother, pushing a grocery cart in a manner that caused her no concern. The exercise of reasonable care does not require the store to anticipate that a *supervised* child pushing a grocery cart creates a danger to its customers. If we were to hold the store liable for a supervised child pushing a cart into a customer, then there would seem to be no reason for not holding a store liable for an adult pushing a cart into a customer. This would effectively make the store an insurer of the safety of its customers. The court correctly granted summary judgment.

The assignment lacks merit.

## II

Appellant's second assignment of error is:

"Where a 34-year old mother * * * of four children, while shopping at Reider's Supermarket, has her four-year old daughter shopping with her; and in the process of shopping, supervises said child's movement and activities, but allows said child to push a heavily laden grocery cart to aid the mother, and while the child is engaged in so pushing that cart, it strikes and injures an elderly, infirm customer of Reider's within the premises, causing serious personal injury to said elderly person, it is error for the trial court to grant appellees' motion for summary judgment without considering appellant's cause of action against the mother-parent on two bases:

"(1) That the parent-mother was negligent in her supervision of the child, and

"(2) That the parent-mother became liable under the doctrine of respondeat superior, said child acting as the servant of the mother in the shopping process, while so acting, causing plaintiff injury."

Appellant argues that the mother had a duty to exercise control over her four-year-old daughter. 2 Restatement of the Laws 2d, Torts (1965) 123-124, Section 316, provides:

"§316. Duty of Parent to Control Conduct of Child

"A parent is under a duty to exer- .

cise reasonable care so to control his minor child as to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them, if the parent

"(a) knows or has reason to know that he has the ability to control his child, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

The Restatement's position was essentially followed by this court in *McGinnis* v. *Kinkaid* (1981), 1 Ohio App. 3d 4. The *McGinnis* court stated:

"It is well established in Ohio, in cases not involving the use of an inherently dangerous instrumentality by a child, that the parent of a minor child may be held liable for the torts of the child where such parent fails to exercise proper parental control over his child and the parent knew, or should have known from his knowledge of the habits or tendencies of the child, that the failure to exercise such control posed an unreasonable risk that the child would injure others.* * *" (Citations omitted.) *Id.* at 8-9.

Appellant's affidavit, assuming its truth, created a question of fact on the issue of whether the mother violated this duty. The mother may have had the ability to control the child and prevent this accident. The court erred by granting summary judgment in favor of Mary Bilek.

The assignment has merit.

The judgment for Reider's is affirmed. The judgment on Cashman's claim against Mary Bilek is reversed and the cause is remanded for proceedings consistent with this opinion.

> *Judgment affirmed in part,*
> *reversed in part*
> *and cause remanded.*

MARKUS, J., concurs.

PARRINO, J., concurs in part and dissents in part.

PARRINO, J., concurring in part and dissenting in part. I concur in that part of the majority decision which reverses the summary judgment entered by the trial court in favor of appellee Mary Bilek. However, I respectfully dissent from that part of the majority decision which affirms the summary judgment entered in favor of appellee Reider's.

Reider's operates a supermarket which sells food and other merchandise. To increase its sales and as a convenience to its customers, Reider's provides its customers with shopping carts.

Appellant, age seventy-five, while shopping at Reider's, had just selected a product from a storage cabinet and was placing it into her cart when she was struck on the right knee by a cart being pushed by Mary Bilek's child who was four years of age. It is alleged that she sustained serious damage to her knee and ultimately required surgery for a knee replacement.

In an affidavit signed by Cashman and filed in opposition to Reider's motion for summary judgment, she indicated that she was a regular customer at Reider's and had often seen children pushing carts which struck counters, knocked merchandise off shelves, ran into other carts and struck various people.

2 Restatement of the Law 2d, Torts (1965) 126-127, Section 318, lends support to appellant's claims of negligence against Reider's. It states:

"§ 318. Duty of Possessor of Land or Chattels to Control Conduct of Licensee

"If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to control the conduct of the third person as to prevent him from intentionally harming others or from so

conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

"(a) knows or has reason to know that he has the ability to control the third person, and

"(b) knows or should know of the necessity and opportunity for exercising such control."

Reider's was the possessor of the cart being pushed by the four-year-old girl. While it must be conceded that the operator of a business is not the insurer of the safety of its customers, it is clear to me that Reider's, as the possessor of the carts in its store, had the duty to exercise reasonable care to control the conduct of third persons not only when it knew of the necessity for doing so but also when, as a reasonable storekeeper, it should have known that it had the ability to control the third persons.

When the occupier of premises knows of, or in the exercise of ordinary care should have known of, the existence of a danger which causes injury to a business invitee, he is liable therefor. See *Howard* v. *Rogers* (1969), 19 Ohio St.2d 42 [48 O.O.2d 52], paragraph three of the syllabus; *Holdshoe* v. *Whinery* (1968), 14 Ohio St. 2d 134, 138 [43 O.O.2d 240].

"Summary judgment should be used cautiously so as not to usurp a litigant's right to trial where conflicting facts and * * * [circumstances] are present.* * *" *Viock* v. *Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, paragraph one of the syllabus; *Shaw* v. *Central Ohio Asphalt Corp.* (1981), 5 Ohio App. 3d 42, 44.

It is this standard which often precludes summary judgment where the factfinder must evaluate claimed negligent conduct, even where the conduct is undisputed. *Whiteleather* v. *Yosowitz* (1983), 10 Ohio App. 3d 272, 274.

Upon my review of the record in this cause, I find that issues of fact exist as to whether Reider's exercised the required degree of care toward appellant.

For these reasons I conclude that the trial court erred in granting Reider's motion for summary judgment.

Accordingly, I would reverse the summary judgment entered in favor of Reider's and remand this cause to the lower court for trial on that issue also.