SEIFERT, ADMR., ET AL., APPELLANTS, *v.*
BURROUGHS; SINGAPURI ET AL., APPELLEES.

[Cite as Seifert *v.* Burroughs (1988), 38 Ohio St. 3d 108.]

(No. 87-1194—Submitted May 18, 1988—Decided August 3, 1988.)

*Keating, Ritchie, Lyon & Norwine,* Michael F. Lyon and Kevin L. Swick, for appellants.

*Bloom & Greene Co., L.P.A., Gordon C. Greene* and *Stephen K. Show,* for appellee Mohammed Singapuri, M.D.

*Dinsmore & Shohl, Frank C. Woodside III, John E. Schlosser* and *John E. Jevicky,* for appellee Children's Hospital Medical Center.

HOLMES, J. The law of Ohio is well-settled that an injured party is entitled to only one satisfaction for his injuries, "and that *receipt of full compensation* from one of several persons whose concurrent acts of negligence are the basis of a suit for damages for personal injuries releases all." (Emphasis added.) *Royal Indemnity Co.* v. *Becker* (1930), 122 Ohio St. 582, 589, 173 N.E. 194, 196; see, also, *id.* at paragraph one of the syllabus.

More particularly, we have held that "in an action to recover damages * * * claimed to have been caused by * * * two defendants [where] *the amount of damages sustained is determined by the jury * * *, the payment of such amount* and receipt thereof by the plaintiff, *releases both defendants.*" (Emphasis added.) *Cleveland Ry. Co.* v. *Nickel* (1929), 120 Ohio St. 133, 165 N.E. 719, at paragraph two of the syllabus. The same rule applies to the tender and acceptance of a *compromise amount,* which is followed by the trial court's journal entry that the

judgment is satisfied. *Gholson* v. *Savin* (1941), 137 Ohio St. 551, 19 O.O. 309, 31 N.E. 2d 858, 139 A.L.R. 75.

The foregoing is well-explained by the Restatement of the Law 2d, Judgments (1982) 40, Section 50, Comment *d,* at 43, which states:

"* * * The adjudication of the amount of the loss also has the effect of establishing the limit of the injured party's entitlement to redress, whoever the obligor may be. This is because the determination of the amount of the loss resulting from *actual litigation* of the issue of damages results in the injured person's being precluded from relitigating the damages question. * * * Therefore, when a judgment is based on actual litigation of the measure of a loss, and the judgment is thereafter paid in full, the injured party has no enforceable claim against any other obligor who is responsible for the same loss." (Emphasis added.)

The question then becomes whether the judgment in the instant case represented an award of damages for all of appellant's injuries or for only a mere allocable part of them. If for all injuries then the entry of satisfaction of judgment will have completely compensated him. On the other hand, if the judgment was for only a part of his injuries, then he was not fully compensated and is entitled to pursue his appeal.

Turning now to appellant's second amended complaint filed in the trial court, it is clear that he alleged all his asserted damages against each defendant. The damages were based entirely upon the death of Lisa Seifert and the pain and suffering she endured. Moreover, in the first cause of action, which was against Dr. Burroughs, appellant asserted at paragraph thirteen:

"The aforementioned negligence of the said Defendants in failing to

properly diagnose and properly treat the illness and conditions from which Lisa A. Seifert was suffering, was a proximate cause of the injuries suffered by Lisa and her subsequent death."

The damages which Dr. Burroughs was alleged to have proximately caused were set forth in the next two paragraphs. In the first, it was asserted that "Lisa A. Seifert was caused extreme physical and mental pain and suffering through August 30, 1980, the date of her death, *all to which* the plaintiffs have been injured in the amount of $2,000,000.00 * * * compensatory damages." (Emphasis added.) Next it was alleged that "the next of kin * * * were caused to suffer loss of support, comfort and care, medical expenses and funeral expenses, *all to which* the Plaintiffs have been injured in the amount of $750,000.00 * * * compensatory damages." (Emphasis added.) In the causes of action which followed, appellant set forth exactly the same injuries and damages claims against both appellees. Also, appellant asserted against each appellee individually that such appellee's negligence "was a proximate cause of the injuries suffered by Lisa and her subsequent death."

A review of appellant's closing argument, wherein counsel interpreted the evidence and summarized appellant's claims, reveals that the negligence of Dr. Burroughs was asserted to be the proximate cause of *all* injuries complained of. Particularly illustrative, counsel asserted the following: "And I submit to you that Lisa got to the hospital and she was a dying girl, and she died because of Dr. Burroughs." Similarly, counsel set forth with particularity all the injuries asserted in their entirety.

It becomes apparent that the jury had before it the entire list of injuries suffered by appellant and not a mere portion allocable to Dr. Burroughs alone. The jury also considered all the allegations of Dr. Burroughs' negligence and the degree to which he may have proximately caused the various injuries. Consequently, the general jury award must be considered as a factual determination of appellant's total entitlement for those injuries. That being so, a full settlement of the amount adjudicated, which is entered of record, operates to satisfy the injuries complained of. All injuries having been compensated, the issues of joint or alternative causation become moot.

Accordingly, we find no error in the proceedings below and thus affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., LOCHER, WRIGHT and H. BROWN, JJ., concur.

DOUGLAS, J., concurs in judgment only.

SWEENEY, J., dissents.