DARWISH, Appellant,

v.

HARMON, Appellee;

DARWISH et al., Appellant.

[Cite as *Darwish v. Harmon* (1992), 91 Ohio App.3d 630.]

Court of Appeals of Ohio,
Cuyahoga County.

Nos. 60906, 60907.

Decided Dec. 10, 1992.

*Steven D. Jones,* for appellant Anthony C. Darwish.

*Rhoa, Follen & Rawlin Co., L.P.A.,* and *Albert J. Rhoa,* for appellee.

*Fadel & Beyer* and *William Fadel,* for appellants George and Nadine Darwish.

---

DYKE, Judge.

George Darwish brought suit on behalf of his son, Anthony C. Darwish, seven years old, against Scott J. Harmon, a sixteen-year-old driver. The complaint alleged that Anthony suffered injury to his arm and elbow due to Scott's negligent operation of his vehicle. Anthony was riding his bicycle at 8:30 at night on the side of the road when Scott allegedly struck him with his car, knocking Anthony off his bike.

Scott Harmon brought a third-party claim against Anthony's parents, George and Nadine Darwish, alleging that they had negligently instructed Anthony on the proper use of his bike and that they had failed to properly equip Anthony's bike with reflectors and lights as required by law.

The jury found all the parties to be partially liable for Anthony's injuries. Through interrogatories the jury found Anthony and Scott to be negligent and each responsible for 37 percent of the damages. Anthony's parents were liable for the remaining 26 percent of the damages. The jury assessed damages of $30,000 and found Scott's portion to be $11,100 after setting off the $7,800 owed to him by Anthony's parents from the third-party cause of action against them.

Scott paid the $11,100 and this amount was withdrawn from the escrow account by Anthony, or his representative. However, Anthony refused to sign a satisfaction of judgment for the damages amount. The trial court issued a satisfaction of judgment order, as Scott Harmon was entitled to one after paying the full amount.

Anthony asserts seven assignments of error. His parents assert three assignments of error. This court will not address Anthony's first, second, fourth or fifth assignments of error because they pertain to issues from which an appeal was waived when the damages award was accepted in satisfaction of judgment. A party cannot pursue an appeal on damages issues for which he has been fully

compensated. See *Seifert v. Burroughs* (1988), 38 Ohio St.3d 108, 526 N.E.2d 813.

■ The satisfaction of judgment pertained only to the damages allowed for pain and suffering. The trial court disallowed all evidence of Anthony's medical expenses. Therefore, only a part of his claimed injury was fully litigated and determined at trial. Where "the judgment was for only a part of his injuries, then he was not fully compensated and is entitled to pursue his appeal." *Seifert v. Burroughs, id.* at 111, 526 N.E.2d at 815. A party's acceptance of a damages award does not prevent him or her from appealing that part of the trial court's decision denying him or her an additional amount. *Betleyoun v. Indus. Comm.* (1927), 31 Ohio App. 53, 166 N.E. 378, syllabus. Anthony is allowed to appeal from the determination of the trial court concerning his medical expenses.

Assignment of Error No. II

"The trial court committed reversible error in excluding evidence of appellant's medical expenses."

■ Appellant argues that he included a demand for medical expenses in his complaint and that the trial court wrongly excluded the evidence he attempted to present to prove those damages. This assignment of error is well taken.

This court follows the Court of Appeals for Mahoning County to find that appellant had the right to recover damages for his medical expenses in this action. In *Bagyi v. Miller* (1965), 3 Ohio App.2d 371, 32 O.O.2d 518, 210 N.E.2d 887, at paragraph three of the syllabus, that court held that:

"The right of a parent to recover damages for medical expenses by reason of injury to his unemancipated minor child may be waived or relinquished by the parent in favor of the minor child as where the parent as next friend brings an action on behalf of the minor child in which a claim is made for such expenses and testifies on behalf of his child. In such case the child is entitled to recover the full amount to which both he and his parent would be entitled if separate suits had been brought, and the parent is estopped from afterward bringing any action in his own right."

The facts of this case present the exact situation referred to in the above-quoted passage from *Bagyi v. Miller.* George Darwish brought this suit on behalf of his minor son, Anthony. In the interest of judicial economy and according to the law as set forth above, the trial court should have allowed evidence of appellant's medical expenses to go to the jury. Thereafter, George and Nadine Darwish would be estopped from bringing another action to recover those expenses in their own name.

The second assignment of error is sustained.

Assignment of Error No. VI

"The trial court abused its discretion in overruling appellant's motion for leave to answer defendant's motion for satisfaction of judgment."

Assignment of Error No. VII

"The trial court committed reversible error in entering a satisfaction of judgment."

■ These assignments of error will be discussed together as they present the overlapping subject of the trial court's action in granting appellee's motion for a satisfaction of judgment. Appellant argues that it was an abuse of discretion on the part of the trial court when it denied him leave to file an answer to Scott Harmon's motion for satisfaction of judgment. Further, appellant argues that he is entitled to the full $30,000 judgment, or at least $18,900, which represents the share for which Scott Harmon was responsible before the damages assessed against Anthony's parents were deducted by the court. These arguments are not well taken.

We find no abuse of discretion in the trial court's denial of appellant's motion to file an answer. " 'The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.' " *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 5 OBR 481, 482, 450 N.E.2d 1140, 1142, quoting *State v. Adams* (1980), 62 Ohio St.2d 151, 157, 16 O.O.3d 169, 173, 404 N.E.2d 144, 148. The trial court was neither unreasonable, arbitrary nor unconscionable in denying appellant's motion to file an answer to Harmon's motion for satisfaction of judgment. Harmon was entitled to a satisfaction of judgment entry after filing a motion and proof of payment with the court. *Edwards v. Passarelli Bros. Automotive Service, Inc.* (1966), 8 Ohio St.2d 6, 37 O.O.2d 298, 221 N.E.2d 708.

■ As to appellant's second argument it is well within the discretion of the trial court to permit a setoff of judgments. *Thomas v. Papadelis* (1984), 16 Ohio App.3d 359, 16 OBR 413, 476 N.E.2d 776, at paragraph three of the syllabus. In this case, the jury's interrogatories took into account the respective liabilities of all the parties. The jury deducted the percentage of the $30,000 damage amount for which George and Nadine Darwish were responsible from the amount Scott Harmon owed to Anthony. In this way the jury came up with the $11,100 damage amount owed by Scott Harmon. This was clearly a permissible setoff of damages judgments which the court was within its discretion to allow.

Appellant's sixth and seventh assignments of error are overruled.

George and Nadine Darwish present three assignments of error on the jury's verdict against them in favor of Scott Harmon's claim of negligent instruction and failure to properly equip Anthony's bike.

Assignment of Error No. I

"The trial court committed reversible error in overruling the third-party defendants'/appellants' motion for a directed verdict."

■ Appellants argue that the only evidence as to their actions presented at trial was that they gave their son permission to go over to a friend's house to play at 7:30 in the evening. They assert that this is not enough to support a claim of negligence against them. This argument is not well taken.

The directed verdict standard requires that reasonable minds must come to but one conclusion after the evidence is construed most strongly in favor of the non-moving party before the directed verdict can be sustained. Civ.R. 50(A).

Scott claimed that Anthony's parents had negligently instructed Anthony and had failed to properly equip his bike. Anthony's parents claimed that the bike had at least four reflectors on it and that Anthony was not permitted by them to ride his bike without his older brother as an escort, nor was he permitted to ride at night. The investigating police officer said that the bike had no reflectors on it. Scott said that he never saw Anthony on his bike before the accident. Scott also said that it was dark out. Numerous witnesses said it was light out. The fact that Anthony, a seven-year-old boy, was allowed to play outside with his bike beyond 8:30 at night on a road with no sidewalks to ride on is uncontroverted.

The judge was well within the law to send this set of facts, some contradictory, to the jury. It was the jury's province to decide whether or not Anthony's parents negligently instructed him in bike safety and whether or not his bike was properly equipped. The directed verdict standard was not met in this case and the trial court properly overruled this motion.

The appellants' first assignment of error is overruled.

Assignment of Error No. II

"The trial court erred in entering judgment against the third-party defendants/appellants."

■ The Darwishes' second assignment of error asserts that the trial court erred in entering the $7,800 judgment against them. The appellants argue that Anthony was not making a claim against them and, therefore, Anthony cannot recover against them and the judgment is in error.

The appellants misunderstand the nature of the second cause of action of negligent instruction and failure to equip the bike. This is not a claim in

Anthony's name. This is a claim against the parents by Scott Harmon. The $7,800 represents damages for which they are liable to Scott, if he is found liable in the suit Anthony brought against him. As he was found liable in the amount of $18,900, and the jury found the Darwishes to be at fault pursuant to Scott's claim against them in the amount of $7,800, the trial court acted within its discretion to set off the amounts and find Scott responsible for paying Anthony $11,100.

Appellants' second assignment of error is overruled.

Assignment of Error No. III

"The trial court committed reversible error in dismissing third-party defendants'/appellants' counterclaim."

The Darwishes filed a counterclaim against Scott Harmon alleging negligent infliction of emotional distress and loss of their son's society and services. The trial court granted Harmon's motion to dismiss the counterclaim. The trial court did not err in dismissing this claim pursuant to Civ.R. 12(B)(6). The counterclaim as drafted by the Darwishes fails to state a claim upon which relief can be granted.

To bring an action based on negligent infliction of emotional distress a party must include in its pleadings the assertion that he or "she was in the vicinity of the accident, saw the accident, or otherwise sensorially perceived the accident." *Burris v. Grange Mut. Cos.* (1989), 46 Ohio St.3d 84, 545 N.E.2d 83, at paragraph three of the syllabus. A complaint which neglects to aver this factual allegation fails to state a claim for negligent infliction of emotional distress upon which relief can be granted.

The Darwishes failed to make an assertion that they were in the vicinity of the accident, saw the accident or otherwise sensorially perceived their son's accident. The trial court properly dismissed their complaint on motion from the appellee.

The appellants' third assignment of error is overruled.

This case is affirmed as to the trial court's entry of the satisfaction of judgment on the damages award for pain and suffering. The trial court's judgment against Anthony's parents, the third-party defendants, is affirmed. The trial court's decision to exclude evidence of Anthony's medical expenses is reversed. This cause is remanded for a determination of the damages due on appellant's medical expenses claim.

*Judgment affirmed in part,*
*reversed in part*
*and cause remanded.*

Ann McManamon, J., concurs.

Patricia A. Blackmon, J., concurs in part and dissents in part.

Patricia A. Blackmon, Judge, concurring in part and dissenting in part.

I concur in that part of the majority decision that affirms the judgment in favor of Anthony Darwish against Scott Harmon and reverses and remands the action on the issue of medical expenses. I respectfully dissent to that part of the majority decision that affirms the judgment in favor of Scott Harmon against George and Nadine Darwish.

Anthony Darwish, at age seven, was given permission by his parents to visit his friend, Corey Low, at 7:30 p.m. Anthony and Corey were given permission by Corey's mother, Carole Low, to ride their bicycles at 8:30 p.m. Anthony's parents only gave him permission to ride his bicycle on the street, when in the company of his older brother. Anthony's bicycle was not equipped with reflectors nor lights as required by law when the accident occurred.

The majority reasons that the lack of reflectors and lights on Anthony's bicycle is sufficient evidence of his parents' negligent instruction and failure to properly equip his bike. This reasoning and the verdict of the trial court, however, lack consideration of whether the accident was the foreseeable consequence of the negligent act of George and Nadine Darwish. The injury must be foreseeable to the child's parents. See *Huston v. Konieczny* (1990), 52 Ohio St.3d 214, 556 N.E.2d 505, syllabus:

"At common law, a parent is not ordinarily liable for damages caused by a child's wrongful conduct. However, liability can attach when the injury committed by the child is the foreseeable consequence of a parent's negligent act. In those circumstances, liability arises from the conduct of the parent."

"The test for foreseeability is whether a reasonably prudent person would have anticipated that an injury was likely to result from the performance or nonperformance of an act. * * * The foreseeability of harm usually depends on the defendant's knowledge." (Citations omitted.) *Menifee v. Ohio Welding Products, Inc.* (1984), 15 Ohio St.3d 75, 77, 15 OBR 179, 180–181, 472 N.E.2d 707, 710.

Foreseeability has taken several forms where parental liability is concerned. Parents may incur liability for negligent entrustment of a dangerous instrumentality, such as a gun or a car. *Huston, supra,* 52 Ohio St.3d at 217, 556 N.E.2d at 508. Parents may incur liability for failure to exercise reasonable control over the children. *Huston* at 217–218, 556 N.E.2d at 508–509, citing with approval *Cashman v. Reider's Stop–N–Shop Supermarket* (1986), 29 Ohio App.3d 142, 29 OBR 158, 504 N.E.2d 487. Parents may also be held liable when they know of

their child's wrongdoing and consent to it, direct it or sanction it. *Huston*, 52 Ohio St.3d at 218, 556 N.E.2d at 509.

In this case, foreseeability did not take the form of negligent entrustment of an inherently dangerous instrument. See *Cashman*, 29 Ohio App.3d at 144, 29 OBR at 160, 504 N.E.2d at 489. A bicycle which is not equipped with reflectors or lights is not inherently dangerous. Anthony's bicycle was dangerous because he rode it at night on a public street without reflectors or lights. Furthermore, the entrustment with the bicycle at the time of the accident was given by Carole Low, not the Darwishes.

Foreseeability did not take the form of failure to exercise reasonable control.

"A parent is under a duty to exercise reasonable care so as to control his minor child to prevent it from intentionally harming others or from so conducting itself as to create an unreasonable risk of bodily harm to them if the parent knows or has reason to know that he has the ability to control his child, and knows or should know of the necessity and opportunity for exercising such control. (Restatement of the Law 2d, Torts [1965], Section 316, followed.)" *Cashman* at syllabus.

In this case, there is no evidence that the Darwishes knew or should have known of the necessity of keeping their child from visiting a neighbor child for fear that they might ride their bikes at night. Control was entrusted to another parent when the accident occurred. Furthermore, the Darwishes did not know that their child would be riding his bicycle at night under the supervision of another adult.

When the evidence in this case is viewed in the light most favorable to Scott Harmon, reasonable minds could only conclude that a reasonably prudent person would not have anticipated that the accident would have occurred from the Darwishes' failure to equip their son's bicycle with reflectors and lights when their son was permitted to ride his bicycle at night under the supervision of another adult without their knowledge. Had their son done this prior to the accident, had the Darwishes given their son permission to ride his bike that evening, or had their son been under their supervision when he did it, our conclusion would be different. Nonetheless, the accident, in which their son was riding his bike, was not the foreseeable consequence of allowing him to play with a neighbor's child under the supervision of another adult; foreseeability depends on the Darwishes' knowledge. See *Menifee, supra.*

Therefore, the judgment in favor of Scott Harmon against George and Nadine Darwish should be reversed for lack of sufficient evidence pursuant to Civ.R. 50 and as against the manifest weight of the evidence.