While I agree with the majority's conclusion to reverse and remand this case, I reach this result by a slightly different route.
I would find that appellants showed the trial court they were entitled to satisfaction of the judgment against them under Civ.R. 60(B)(4) through evidence that (1) appellants had tendered full payment to. appellee under the terms of the agreed judgment entry and (2) appellee waived its right to enforce the full amount of the judgment by accepting late payments. Edwards v. Passarelli Bros.
Automotive Serv., Inc. (1966), 8 Ohio St.2d 6, paragraph one of the syllabus; Darwish v. Harmon (1992), 91 Ohio App.3d 630, 634. The existence of a meritorious defense simply is not a relevant consideration when relief is sought on the ground that the judgment has been satisfied nor is the timing of the motion particularly relevant. Once the judgment has been satisfied, relief should be available at any time.
I also agree that the order denying appellants motion to enforce the settlement did not bar the court from granting appellants motion for relief from judgment, but for slightly different reasons. I would find that the two motions sought different kinds of relief, so the ruling on first motion was not res judicata as to the second.
Accordingly, I concur in the judgment only.