OPINION
{¶ 1} Appellant Cris Bonacorsi ("appellant") appeals the decision of the Stark County Court of Common Pleas that denied his motion to correct a mathematical calculation pursuant to Civ.R. 60(A). The following facts are relevant to this appeal.
 {¶ 2} The accident giving rise to this lawsuit occurred on July 13, 1996, when a motorcycle operated by Cris Bonacorsi collided with a train owned and operated by Appellee Wheeling Lake Erie Railway Company ("WLE"). Following a jury trial, the jury awarded appellant $1,664,200 in damages. After reducing the jury's verdict based upon a fifty percent comparative negligence finding, on July 14, 1999, the trial court entered judgment, for appellant, in the amount of $832,100.
 {¶ 3} On December 2, 1999, the trial court entered judgment for prejudgment interest in the amount of $302,100. Subsequently, on December 28, 1999, the trial court corrected the award of prejudgment interest to reflect the statutory interest rate of ten percent pursuant to R.C.1343.03(C). WLE appealed the judgment and we reversed this matter on November 6, 2000.[1] Appellant appealed to the Ohio Supreme Court and the Court reversed this court's judgment on May 22, 2002.[2]
 {¶ 4} Upon remand from the Ohio Supreme Court, WLE moved the trial court to enter judgment on the Supreme Court's mandate. Appellant filed a brief opposing WLE's motion arguing that "it would be reversible error for a court to fail to grant post-judgment interest on the entire judgment after merging the judgment on the verdict with the award of prejudgment interest." Bonacorsi's brief, Dec. 11, 2002, at 2. On January 16, 2003, the trial court entered judgment on the mandate from the Supreme Court and determined the amount of the judgment to be $1,374,218.36.
 {¶ 5} WLE appealed the trial court's judgment on the basis that the Supreme Court's mandate did not address any judgment for prejudgment interest and that the trial court had no authority to enter a judgment including that award. Appellant moved to dismiss WLE's appeal and also filed a conditional cross-appeal to correct a mathematical error made in the calculation of the amount of interest due and owing him. Appellant made his cross-appeal conditional on the denial of the motion to dismiss WLE's appeal.
 {¶ 6} Subsequently, in March 2003, we dismissed WLE's appeal[3] and appellant's appeal was never perfected as a result of the dismissal. WLE appealed to the Ohio Supreme Court. The Court denied the discretionary appeal.[4] Thereafter, WLE paid $537,498.32, the balance of the judgment. On September 29, 2003, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(A). The trial court denied appellant's motion on October 6, 2003.
 {¶ 7} Appellant filed a notice of appeal and sets forth the following assignment of error for our consideration:
 {¶ 8} "I. The trial court erred in failing to correct a mathematical error in the calculation of post judgment interest. instead of merging the prejudgment interest award and the verdict and adding post judgment interest to the combined judgment, the trial court only awarded post judgment interest on the verdict alone."
 I {¶ 9} In his sole assignment of error, appellant maintains the trial court erred when it failed to correct a mathematical error in the calculation of post judgment interest pursuant to Civ.R. 60(A). We disagree.
 {¶ 10} A ruling on a motion under Civ.R. 60(A), to correct a mathematical or clerical error, is reviewed under an abuse of discretion standard. Woomer v. Kitta (Apr. 17, 1997), Cuyahoga App. Nos. 70863, 71049, at 6. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 11} In his motion pursuant to Civ.R. 60(A), appellant argued the trial court should have added the amount of prejudgment interest to the verdict and then calculated post judgment interest at ten percent on the combined judgment. In support of his argument, appellant cited a 1995 decision from this court. In Singer v. Celina Grp. (May 30, 1995), Stark App. No. 94 CA 0333, we reversed the trial court's failure to calculate post judgment interest on the merging of the verdict plus prejudgment interest. Id. at 5. We determined that any other result would thwart the true purpose and spirit of the prejudgment interest statute. Id. At least two other courts of appeals have followed the Singer decision. See Nakoffv. Fairview Gen. Hosp. (1997), 118 Ohio App.3d 786 and Schumacker v.Zoll (Oct. 5, 2001), Lucas App. No. L-00-1199.
 {¶ 12} In response to appellant's argument on appeal, WLE contends appellant's appeal is untimely and therefore, the trial court's judgment should be affirmed. We agree with this argument. The record reflects the trial court considered this exact argument appellant raises on appeal before it filed its judgment entry on January 16, 2003. Although appellant filed a cross-appeal challenging the trial court's judgment entry, he made his cross-appeal conditional on the denial of his motion to dismiss WLE's appeal from the same judgment entry. Subsequently, we dismissed WLE's appeal and therefore, appellant's cross-appeal was never perfected.
 {¶ 13} Appellant subsequently sought to challenge the calculation of post judgment interest in a Civ.R. 60(A) motion. The trial court denied appellant's motion. In its judgment entry, the trial court stated:
 {¶ 14} "The Court entered its original calculations in this matter and same were not appealed. The Court stands by its original calculations. The motion is, therefore, denied." Judgment Entry, Oct. 6, 2003, at 1.
 {¶ 15} Clearly, appellant waived this argument by failing to perfect an appeal from the trial court's judgment entry of January 16, 2003. A Civ.R. 60(A) motion may not be substituted for an appeal of the trial court's judgment. Paris v. Georgetown Homes, Inc. (1996),113 Ohio App.3d 501, 504. Accordingly, we conclude the trial court did not abuse its discretion when it denied appellant's motion.
 {¶ 16} Even if we were to conclude that appellant properly pursued the requested relief under Civ.R. 60(A) instead of a direct appeal, we further find the relief sought by appellant, in his motion, was beyond the scope of relief permitted by said rule. Appellant does not claim any error in the mathematical calculation. Instead, appellant maintains the trial court should have figured the interest differently. The Ninth District Court of Appeals addressed the scope of Civ.R. 60(A) in Kramerv. Union Eye Care Center, Inc., (Dec. 15, 1999), Lorain App. No. 98CA007209. In the Kramer case, the court held:
 {¶ 17} "This rule [Civ.R. 60(A)] is applied to inadvertent clerical error, and cannot be used to add language which was deliberately excluded from a judgment. Dentsply International, Inc. v. Kostas (1985),26 Ohio App.3d 116, 498 N.E.2d 1079, paragraph one of the syllabus. Furthermore, Civ.R. 60(A) does not authorize `changing something that was deliberately done.' Londrico v. Delores C. Knowlton, Inc. (1993),88 Ohio App.3d 282, 285, 623 N.E.2d 723. The rule is meant to correct the `type of mistake or omission mechanical in nature which is apparent from the record and which does not involve a legal decision or judgment[.]Dentsply, 26 Ohio App.3d 116, 498 N.E.2d 1079, paragraph two of the syllabus." Id. at 1.
 {¶ 18} Finally, we also conclude that since the judgment has been satisfied by WLE, appellant's Civ.R. 60(A) motion is moot. In February 2003, WLE paid $870,398.96 leaving a balance owing, on the judgment, in the amount of $503,819.40. WLE paid the remaining balance in September 2003, plus statutory interest from the date of the judgment on January 16, 2003. This amount totaled $537,636.75. Since the judgment has been paid in full, appellant cannot now appeal the judgment or seek to modify it.
 {¶ 19} In Blodgett v. Blodgett (1990), 49 Ohio St.3d 243, 245, the Ohio Supreme Court held:
 {¶ 20} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot. `Where the court rendering judgment has jurisdiction of the subject matter of the action of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment.' Rauch v.Noble (1959), 169 Ohio St. 314, 316, 159 N.E.2d 451, 453, quoting Lynchv. Lakewood City School Dist. Bd. of Edn. (1927), 116 Ohio St. 361,156 N.E.2d 188, paragraph three of the syllabus. See, also, Seifert v.Burroughs (1988), 38 Ohio St.3d 108, 526 N.E.2d 813."
 {¶ 21} This reasoning applies equally to a plaintiff who has accepted payment in satisfaction of a judgment.
 {¶ 22} Accordingly, appellant's sole assignment of error is overruled.
 {¶ 23} For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
Hoffman, P.J., and Farmer, J., concur.
[1] Bonacorsi v. Wheeling Lake Erie Ry. Co. (Nov. 6, 2000), Stark App. No. 1999CA0047.
[2] Bonacorsi v. Wheeling Lake Erie Ry. Co., 95 Ohio St.3d 314,2002-Ohio-2200.
[3] Bonacorsi v. Wheeling Lake Erie Ry. Co., Stark App. No. 2003CA00038.
[4] Bonacorsi v. Wheeling Lake Erie Ry. Co., 99 Ohio St.3d 1452,2003-Ohio-3396.