### BETLEYOUN v. INDUSTRIAL COMM.

Ohio Appeals, 9th Dist., Summit Co.

No. 1197. Decided Feb. 10, 1927

631. INDUSTRIAL COMMISSION—Where amount of compensation is confessed by attorney for Commission in open court and motion for directed verdict sustained in its favor, receipt and cashing of Commission's check by injured plaintiff does not deprive him of the right to attack the judgment by proceedings in error, which judgment he seeks to reverse, in order to obtain more than the amount confessedly due him.

**First Publication of this Opinion**

PARDEE, J.

Calvin Betleyoun was an employee of the

Miller Rubber Co. and claimed that while in the course of his employment, he suffered a severe injury to his back; from which he has not yet recovered.

Application was made to the Industrial Commission, and the Commission made a finding that the disability complained of was not the result of an injury sustained in the course o' plaintiff's employment, and disallowed the claim. An appeal was perfected to the Summit Common Pleas, and the petition filed therein. The Commission filed an answer admitting the plaintiff's weekly wage was $35.00 and that his claim for compensation was denied because he had not sustained the injury within the course of his employment.

The cause came on to be heard and after the transcript from the Commission was read, attorney for the Commission confessed judgment in open court for compensation at the rate of $15.00 per week for 13 days, and moved the court to instruct the jury to bring in a verdict ni favor of the Commission for all over the amount confessed. The motion was sustained and the jury brought in a general verdict in favor of the defendant. Judgment was entered for plaintiff for $30.00 and thereafter, before the petition in error was filed, the Commission sent a check to plaintiff which was cashed by him.

Without knowledge on part of his attorneys, that the check had been received, plaintiff filed his petition in error to reverse the judgment of the lower court. On the day of hearing, defendant moved to dismiss the petition in error because plaintiff has accepted said check, which, it was claimed, was in full satisfaction of his claim. The Court of Appeals held:

1. We agree with the contention of the defendant that the general rule is "that a party who has taken advantage of a judgment or decree, may not afterwards question its validity."

2. We also agree with plaintiff that "when an amount found in favor of a litigant by a judgment or decree is due him in any event, when there is no controversy over his right to receive and retain it, so that the only question to be determined by the appellate tribunal is whether he is or is not entitled to a greater or additional sum, the general rule does not apply, and his acceptance and retention of the amount awarded him by the judgment or decree he seeks to review, does not preclude him from prosecuting the writ of error or appeal in order to obtain more."

3. By the procedure in the trial court, the claim of the plaintiff was divided into two parts:—the question of compensation for the period of 13 days following the injury; and the question as to whether there was an further liability.

4. The receipt by the plaintiff of the money which was confessedly his, could not be construed as an admission that the judgment which he attacks is not erroneous, as the amount received was not in dispute; the judgment being attacked because the plaintiff claimed he was entitled to a sum in addition to the money admitted to be due him. The motion of defendant to dismiss this proceeding

is therefore denied. Beals v. Lewis, 43 OS. 220; Law v. Law, 64 OS. 369 at pg. 376.

5. There is substantial evidence, from the record, showing that plaintiff has a substantial injury and he was therefore entitled to a greater award than that admitted by defendant. In any event the trial court did not have the right to weigh the evidence and usurp the province of the jury, as it did in this case.

6. Judgment upon the confession affirmed; judgment upon the verdict reversed and cause remanded with directions to try the case to determine whether or not plaintiff is entitled to compensation in addition to that admitted by defendant.

Judgment accordingly.

(Washburn, PJ., and Funk, J., concur.)

Attorneys—Smoyer & Smoyer, Akron, for Betleyoun; E. C. Turner, Atty. Gen., and R. R. Zurmehly, Asst. Atty. Gen., Columbus, and O. A. Hunsicker, Pros. Atty., and Lee J. Ferbstein, Asst. Pros. Atty., Akron, for Commission.