DECISION AND JUDGMENT ENTRY
{¶ 1} Edward Koder, appellee/cross-appellant has filed a motion to dismiss the appeal filed by his ex-wife, Regina Koder, alleging that her appeal is moot. Regina Koder has filed a response opposing the motion. For the reasons that follow, we find the motion well-taken in part and not well-taken in part.
 {¶ 2} The parties have both appealed from a divorce judgment entry in which they stipulated to the resolution of many, but not all, aspects of the terms of their divorce. The court addressed three matters not stipulated to by the parties: (1) what portion of the value of Midwest Contracting, Inc. (a company owned jointly by Edward and his son) is marital property, (2) spousal support, and (3) attorney fees. In the dispute involving Midwest Contracting, Inc., Regina contends that Edward's share of the company is worth $160,000 and that she should receive $80,000 as her portion of the property settlement. Edward contends that his ownership in the company is non-marital property and that Regina is entitled only to one-half of the appreciation of the value of his share of the company from May 1999 to the date of the divorce, which he calculates to be $26,667.
 {¶ 3} In a November 1, 2005 judgment entry, the court determined that Regina is entitled to $26,667 "as and for her marital share of MWC." The court then stated, "since this case has been extended well beyond the expected time allocations at the initiation of this suit, [Regina] should be awarded ten percent AIR [annual interest rate] on such amount, compounded, the same to be assessed from and after February 21, 2003." The court also awarded her $2,500 in attorney fees and spousal support of $800 per month until July 1, 2007.
 {¶ 4} On November 7, 2005, Edward's attorney forwarded to Regina's attorney two checks, one for $34,419.38 "in full payment of your client's division of property award, representing $26,667.00 plus 10% AIR on such amount;" and one for $2,500 for attorney fees. The parties filed a joint satisfaction of judgment as to those two items on November 23, 2005. Edward states, citingBlodgett v. Blodgett (1990), 49 Ohio St.3d 243, that since the judgment has been fully satisfied, Regina's appeal is now moot and must be dismissed.
 {¶ 5} In Blodgett, the Ohio Supreme Court states:
 {¶ 6} "It is a well-established principle of law that a satisfaction of judgment renders an appeal from that judgment moot." Id. at 245.
 {¶ 7} The court cited Rauch v. Noble (1959),169 Ohio St. 314, quoting Lynch v. Bd. of Edn. (1927), 116 Ohio St. 361, paragraph three of the syllabus: "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment." (Emphasis added.)
 {¶ 8} In Blodgett, the court awarded Mrs. Blodgett approximately $2,700,000 as division of marital property. Both parties appealed and apparently the court granted Mr. Blodgett a stay of execution and ordered him to place a portion of the amount of the marital property[1] in escrow while the case was pending in the appellate court. On appeal, Mr. Blodgett contended that the marital property award was too high and Mrs. Blodgett contended it was too low.
 {¶ 9} After Mrs. Blodgett filed her notice of appeal, and because when the divorce was final her $3,000 per month temporary alimony ceased, she asked the court of appeals to release to both her and her ex-husband an amount equal to her portion of the marital assets being held in escrow or "an amount that would place them in an equal financial posture during the appeal." The court denied her motion. Mrs. Blodgett then signed and executed a satisfaction of judgment and received the total amount of her marital property award and the deed to the family home. The Ohio Supreme Court held that when Mrs. Blodgett executed the satisfaction of judgment, she waived her right to continue her appeal.
 {¶ 10} We note that Lynch v. Bd of Edn., the case relied on in Blodgett by the Supreme Court of Ohio, holds that when the party who owes the money voluntarily pays the judgment instead of obtaining a stay of execution of that judgment, the judgment debtor's appeal is rendered moot. The court does not explain or comment on its extension of the rule to Mrs. Blodgett who is the judgment creditor not the judgment debtor. The court's rationale is that even if Mrs. Blodgett had no source of income while the appeal was pending and was unable to obtain a loan based on the divorce decree, she was not under "economic duress" when she agreed to sign the satisfaction of judgment and obtain her property division award. The court states:
 {¶ 11} "Because of the nature of the appellate process, Nancy could not receive the trial court award until her appeal was decided, unless she chose to terminate the appeal herself by executing the satisfaction of judgment. She may well have believed that this circumstance coerced her acquiescence to the satisfaction of judgment, but the workings of the judicial system are irrelevant in this context. To avoid the satisfaction of judgment, it must be shown that the one whose actions forced Nancy to accept the judgment was William, the other party to the agreement.
 {¶ 12} "* * *
 {¶ 13} "We decline to accept the proposition that if an appellant executes a satisfaction of judgment merely because she cannot afford to wait for the outcome of an appeal, that satisfaction of judgment may be subsequently avoided. Almost every settlement agreement contains some modicum of coercion or duress. An appeal or prospect of a trial always involves a degree of risk to both parties. The law encourages settlement of disputes. By executing the satisfaction of judgment, Nancy could be sure she collected $2,765,000. If she did not execute thedocument, the judgment awarded her by the trial court remainedsubject to the risk that William would convince the court ofappeals to enforce the antenuptial agreement. It is noteworthy that Nancy made her choice with the benefit of the advice of counsel." (Emphasis added.) Blodgett at 246.
 {¶ 14} Mrs. Koder argues that Blodgett should not apply to her situation because the amount Mr. Koder paid her and she accepted is an amount Mr. Koder concedes is the least she is due as the marital portion of his business. Thus, by accepting a check for the total amount of the judgment, she is not avoiding a risk of having the court of appeals award her even less after the court hears her husband's appeal, as was the case in Blodgett.
 {¶ 15} In support of this argument, Mrs. Koder cites Bealsv. Lewis (1885), 43 Ohio St. 220, where the plaintiff appealed from a decision in his favor on the principle amount of an action on account, $5,509, but contested the fact that he was not awarded interest of $1,533.30. The court stated:
 {¶ 16} "[Plaintiff] gave notice of appeal to the district court, but before the appeal was perfected he received from the assignee the whole amount of the judgment, and afterwards prosecuted the appeal. In the district [appellate] court the only question was whether Beals was entitled to recover the above-mentioned sum of $1,533.30, with interest from May 24, 1880, or whether he was precluded from recovering it on the ground that it was usurious interest which had been incorporated in the above-mentioned note.
 {¶ 17} "* * *
 {¶ 18} "In some case a party, by receiving the amount of a judgment in his favor, waives the right to prosecute error or an appeal. Tabler v. Wiseman, 2 Ohio St. 207,[2] 216. But that principle does not apply here. The plaintiff received the amount admitted to be due, and for which the court had rendered judgment; but the only matter in controversy was as to $1,533.30, which the defendants alleged and the court found to be usurious interest, which the plaintiff was not entitled to recover. We think it was competent for the plaintiff to receive the amount of the judgment and prosecute an appeal, and finally a proceeding in error with respect to the claim for $1,533.30. U.S. v. Dashiel,
3 Wall. 688; Embry v. Palmer, 107 U.S. 3; S.C.2 Sup. Ct. Rep. 25." Id. at 220-222.
 {¶ 19} Mrs. Koder also cites Hollo v. Hollo (Mar. 27, 1990), 8th Dist. No. 56886, where the court recognized theBeals exception but found it did not apply to the case before it. The court stated:
 {¶ 20} "The long standing rule in Ohio is that a party who accepts the benefits of a court order waives error on appeal and such acceptance of payment bars the right to appeal from the court's judgment. Tabler v. Wiseman (1853), 2 Ohio St. 207; see also 4 O.Jur.3d Appellate Review Sec. 115, Sec. 117. * * *
 {¶ 21} "However, there is a recognized exception to this general rule. The standard of waiver does not apply to situations where the party accepts only the amount admitted to be due by all parties. Beal v. Lewis (1885), 43 Ohio St. 220; Betleyoun v.Ind. Comm. (1927), 31 Ohio App. 53."
 {¶ 22} In Betleyoun v. Indus. Comm. of Ohio (1927),31 Ohio App. 53, the court recognized and applied the exception to the general rule.
 {¶ 23} "We agree with the claim of the defendant that the general rule is `that a party who has taken advantage of a judgment or decree may not afterwards question its validity.'
 {¶ 24} "But we also agree with the claim of the plaintiff that, among others, there is a well-known and recognized exception to the foregoing rule, to wit:
 {¶ 25} "`When an amount found in favor of a litigant by a judgment or decree is due him in any event — when there is no controversy over his right to receive and retain it — so that the only question to be determined by the appellate tribunal is whether he is or is not entitled to a greater or an additional sum, the general rule does not apply, and his acceptance and retention of the amount awarded him by the judgment or decree he seeks to review does not preclude him from prosecuting the writ of error or appeal in order to obtain more.' 29 L.R.A. (N.S.) 30(b)." Id. at 56-57
 {¶ 26} We hold that where a judgment creditor accepts payment from the judgment debtor of an amount awarded by the trial court and admitted to be due in any event, the general rule that satisfaction of judgment renders an appeal from that judgment moot does not apply to the judgment creditor. We find that this exception applies to the case before us. The amount of $26,667 plus ten percent interest from February 21, 2003, is the least amount due Mrs. Koder "in any event" and the fact that she accepted this amount while her appeal is pending does not preclude her from appealing to recover additional amounts as marital property division.
 {¶ 27} As to the $2,500 judgment for attorney fees, both parties have contested it; Mr. Koder saying it is too high and Mrs. Koder saying it is too low. Thus, Mr. Koder having offered and Mrs. Koder having accepted the contested amount of $2,500 for attorney fees, the general rule that payment and acceptance of an amount in controversy precludes a party from appealing applies and neither party can challenge that judgment on appeal.
 {¶ 28} Finally, we find that when Mr. Koder voluntarily paid the marital property judgment of $34,419.38 in lieu of asking for a stay of execution pending his appeal pursuant to App.R. 7, his right to appeal that judgment became moot. In Lynch v. Bd. ofEdn. (1927), 116 Ohio St. 361, the court states:
 {¶ 29} "Where the court rendering judgment has jurisdiction of the subject-matter of the action and of the parties, and fraud has not intervened, and the judgment is voluntarily paid and satisfied, such payment puts an end to the controversy, and takes away from the defendant the right to appeal or prosecute error or even to move for vacation of judgment."
 {¶ 30} Therefore, Mr. Koder cannot appeal from the marital property division portion of the judgment.
 {¶ 31} Accordingly, we deny the motion to dismiss Mrs. Koder's appeal as to the marital property judgment and grant the motion to dismiss as to the attorney fee judgment. Mr. Koder, appellee/cross-appellant, shall file his brief within 20 days of the date of this decision and judgment entry.
Motion Granted, In Part and Denied, In Part.
Handwork, J. Skow, J. Parish, J. concur.
[1] It is not clear from reading the case the exact amount put in escrow, but it appears to be in excess of Mrs. Blodgett's award of $2,700.000.
[2] The court held, "[T]he plaintiff in error has received and still retains his part of the money paid for the estate in pursuance of the order confirming the election. We regard this as a sufficient waiver of the error. A party ought not to be permitted voluntarily to take the benefit of a judgment, and then attempt to reverse it. No more direct affirmance of the validity of the proceeding could be made, than by claiming title to the money of the adverse party, received in pursuance of it." Tablerv. Wiseman (1853), 2 Ohio St. 207, 216.