DECISION AND JUDGMENT
{¶ 1} This is an appeal from a judgment of the Williams County Court of Common Pleas.
 {¶ 2} On January 16, 2007, appellee, Rita D. Slough, filed a complaint seeking a divorce from appellant, Ronald L. Slough. During the course of the proceedings below, the parties entered a number of stipulations related to the division of marital property and marital debt. Eventually, there were only two contested issues — the party responsible for *Page 2 
the repayment of Parent Plus loans used to finance the college education of the parties' son and daughter and the return of 25 Creative Memories scrapbooks to appellee. The facts relevant to a disposition of these issues are as follows.
 {¶ 3} During the marriage, appellant and appellee were both employed. Appellee earned approximately $60,000 in 2007, and appellant earned over $70,000 in that year. While married, the couple had a joint checking account that was used to pay household expenses. Appellee was responsible for making those payments. Even though appellee deposited her entire wages in the checking account, appellant, either in August or September 2004, started retaining some of his wages. Furthermore, appellant also took additional monies out of the joint account. From appellant's testimony, it appears that he used this money for "buying tickets," that is, gambling, at the "Eagles."
 {¶ 4} In 2005, the parties' son started college at the Ohio State University. According to appellee, her husband told her to take any steps necessary to ensure their son's college education. Appellee decided to obtain Parent Plus loans through the federal government to pay part of their son's tuition. The Parent Plus loans were processed by means of a computer; thus, no paperwork exists containing either appellant's or appellee's signature. Appellee testified, however, that her husband was present during the application process and helped her with any questions concerning their assets. Persons desiring a Parent Plus loan must re-apply each year and submit their joint tax returns to the federal government. It is undisputed that both appellant and appellee provided these returns. Funds from Parent Plus loans are paid directly to the college — not to the student *Page 3 
or his or her parent(s). A second Parent Plus loan for the parties' son was acquired in 2006. When the parties' daughter started college at the Ohio State University, also in 2006, a Parent Plus loan was obtained in the same manner to help fund her education.[1]
 {¶ 5} The first of the three Parent Plus loans became due and owing in June 2006. Even though the loans were in appellee's name only, all of the payments on the loans were made from the couple's joint checking account. Nonetheless, in his testimony, appellant asserted that he never authorized the Parent Plus loans, and that he supplied his financial information because he believed that his children were applying for student loans.
 {¶ 6} On January 2, 2007, appellee drove her daughter to college and was expected to return to the marital residence in Williams County. Members of her family, however, held an intervention in Columbus, Ohio, in order to aid appellee in ending her marriage. Appellee did not return to Williams County until sometime later that year and moved into an apartment.
 {¶ 7} On May 7, 2007, appellee filed a motion asking the trial court to find appellant in contempt of court because, among other things, he failed to return her 25 *Page 4 
Creative Memories scrapbooks.[2] The magistrate deferred his decision on this issue until final judgment.
 {¶ 8} On May 22, 2008, the magistrate filed a decision in which he granted appellee's complaint for a divorce and entered the following material findings of fact:
 {¶ 9} "4. Exhibits A, B and C attached to this decision are incorporated herein and made a part hereof as if fully rewritten herein. As part of the property settlement concerning the parties' personal property, Plaintiff was to receive the `Creative Memories scrapbooks. All scrapbook supplies, tools and worktables.' Plaintiff did not receive the Creative Memories scrapbooks and defendant claims these were all destroyed before January 22, 2007. The court finds Defendant's testimony less than credible inasmuch as Defendant agreed Plaintiff would receive these items in both Exhibits A and B attached hereto, which were filed long after January 22, plus the testimony indicated various pictures from these books appeared subsequent to January 22, 2007. Concerning the value of the Creative Memories scrapbooks, the only testimony presented indicated the value of the scrapbooks to be $1,000.00 each, for a total of $25,000.00.
 {¶ 10} "* * *
 {¶ 11} "7. During the marriage Plaintiff incurred three (3) school loans under the Parent Plus loan program. The loans are only in Plaintiff's name. The loans were used solely to pay for the children's college education. * * * All loans are currently in *Page 5 
repayment status * * *. Prior to and during the pendency of this action, Plaintiff made payments on these accounts from the parties' joint checking account. Payments commenced on some of these loans as early as October 2005. Plaintiff and Defendant received interest deductions on these loans on their joint income tax returns for the years 2005 through 2007. Defendant claims that Plaintiff made these loans without his knowledge or consent. Defendant further testified that he did not approve of these loans, denies any knowledge of these loans, and claims that he should not have any responsibility for, or have any liability for any part of these loans."
 {¶ 12} Based upon the foregoing, the magistrate entered the following conclusions of law:
 {¶ 13} "5. The Court further finds the debt owed Parents Plus loans is a marital debt and should be treated accordingly. Vergitz v.Vergitz, 2007 WL 091597 (Ohio App. 7th Dist.) 207 [sic]. Each party shall be responsible to pay one-half of the monthly loan amount until said loans are paid in full. If either party desires to pay in full, their appropriate share of said loans, such may be done. Defendant shall be required to reimburse Plaintiff one-half of the payments she made on said loan subsequent to January 1, 2008, or pay in full, the monthly payments for June, July, August, September and October 2008, and thereafter Plaintiff and Defendant shall equally divide the payments until paid in full.
 {¶ 14} "6. * * * *Page 6 
 {¶ 15} "7. The Court further finds that the Defendant has failed to deliver to Plaintiff twenty-five scrapbooks. If said scrapbooks can be found, Defendant is ordered to deliver the same to Plaintiff within thirty (30) days of the filing of the Judgment Entry herein. If said scrapbooks are not delivered to Plaintiff, Defendant is ordered to pay to plaintiff the sum of twenty-five thousand dollars ($25,000.00) for which amount Plaintiff be and is hereby granted a judgment against Defendant. Said judgment shall bear interest at the legal rate allowed on judgments until fully paid."
 {¶ 16} On June 4, 2008, appellant filed timely objections to the magistrate's Findings of Fact Nos. 4 and 7 and to Conclusions of Law Nos. 5 and 7. On July 2, 2008, the trial court overruled appellant's objections and adopted, with two modifications not pertinent to this appeal, the magistrate's decision. In rejecting appellant's objections, the lower court made reference to specific portions of the transcripts related to those objections. Final judgment was entered on August 5, 2008. Appellant timely appeals that judgment and maintains that the trial court committed the following errors in the proceedings below:
 {¶ 17} "The trial court erred and was without jurisdiction to order the Defendant/Appellant to pay part of a debt that was a separate debt of Plaintiff/Appellee and used exclusively for the emancipated children's education.
 {¶ 18} "The trial court erred and abused its discretion when ordering the Defendant/Appellant to pay part of the Plaintiff's separate debt when the trial court specifically found that: 1) the Plaintiff's loan was solely in the Plaintiff's name; 2) the *Page 7 
money was used to pay the emancipated children's college education; and 3) the loan was taken out by the Plaintiff without the defendant's consent, knowledge, or approval.
 {¶ 19} "The trial court erred in granting judgment on Plaintiff's contempt motion when there was no contempt finding and the parties had stipulated and the trial court had approved by Judgment Entry a marital property division that was resolved with the exception of Plaintiff's loan for the emancipated children's college."
 {¶ 20} In his first assignment of error, appellant contends that the trial court lacked the jurisdiction to order him to repay half of the Parent Plus loans when they were appellee's separate debt and used only for the education of the parties' emancipated children. The fact that the parties' children were emancipated is not relevant to this cause. The sole issue in this assignment of error and in appellant's second assignment of error is whether or not the disputed Parent Plus loans were marital debt. The fact that the benefits of these loans were conferred upon the parties' emancipated children has no bearing on this question. Accordingly, that portion of appellant's first assignment of error that relates to the fact that both of his children were emancipated at the time that Parent Plus loans were obtained is found not well-taken. The remainder of appellant's first assignment error, which claims that the loans were the separate debt of appellee, shall be determined in conjunction with appellant's second assignment of error.
 {¶ 21} In his second assignment of error, appellant argues that the trial court abused its discretion in ordering him to repay one-half of the Parent Plus loans after it adopted the magistrate's finding of fact that "this debt, even though incurred during the *Page 8 
marriage, was incurred solely by the [appellee] without the approval, consent or knowledge by the defendant." Appellant also alleges that the magistrate found and the trial court adopted a finding of fact that appellant only discovered "through a checking account statement that his was a loan in Plaintiff's name and not a student loan, a huge fight erupted. A disagreement and fight erupted over the [appellant's] non consent and non knowledge of [appellee's] unilateral actions."
 {¶ 22} In considering the overall appropriateness of a trial court's division of marital property in a divorce proceeding, we apply an abuse of discretion standard. An abuse of discretion indicates more than an error of law or judgment, it connotes that the trial court's attitude in reaching a judgment was unreasonable, arbitrary, or unconscionable.Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. Nevertheless, a court's characterization of property as separate or marital is a mixed question of law and fact and must, therefore, be supported by sufficient, competent, credible evidence. Koder v. Koder, 6th Dist. No. F-05-033, 2007-Ohio-876, ¶ 20. (Citations omitted.)
 {¶ 23} Prior to any discussion of appellant's arguments, we point out that appellant's version of the findings of fact adopted by the trial court are not only misstatements of those findings but are also are misstatements of the evidence offered at trial. Instead, as set forth above, there was conflicting evidence offered on the question of whether appellant had knowledge of the Parent Plus loans. Thus, the court's decision on the issue rested upon a determination of the credibility of the witnesses. The credibility of witnesses is a matter within the purview of a trial court and are, *Page 9 
consequently, presumed to be correct. Id. citing Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 79-80. Upon a thorough review of the record of this cause, we find that there was competent, credible evidence offered at the divorce hearings to support the factual findings made in this cause. As a result, we conclude that the trial court did not abuse its discretion in determining that the three Parent Plus loans were marital debt. Accord, Vergitz v. Vergitz, 7th Dist. No. 05 JE 52,2007-Ohio-1395, ¶ 16. Accordingly, that portion of appellant's first assignment of error addressing this question and appellant's second assignment of error are found not well-taken.
 {¶ 24} In appellant's third assignment of error, he asserts that the trial court never entered a finding of contempt based upon his failure to provide appellee with the Creative Memories scrapbooks. Thus, he contends that the trial court could not award appellee $25,000 for the value of those scrapbooks. In his June 4, 2008 objections to the magistrate's decision, appellant stated:
 {¶ 25} "Specifically with regard to Finding of Fact No. 4, the Plaintiff could not receive what did not exist. This is the legal maxim of impossibility of performance. In addition, the Magistrate's finding of the value of the scrapbooks to be $1,000 [each] and his finding that there were 25 scrapbooks at a total of $25,000 is not supported by the evidence."
 {¶ 26} Objections to a magistrate's decision must be specific and "state with particularity all the grounds for the decision." Civ. R. 53(D)(3)(b)(ii). Clearly, appellant did not object to the magistrate's decision on the basis that there was never a finding of *Page 10 
contempt. If a party fails to file objections to a magistrate's decision in accordance with Civ. R. 53, such claim or objection is waived for purposes of appeal, and the party may not then challenge the court's adoption of the magistrate's factual findings on appeal. Crites v.Crites, 6th Dist. Nos. WD-04-034, WD-04-042., 2004-Ohio-6162, ¶ 37, citing Aurora v. Sea Lakes, Inc. (1995), 105 Ohio App.3d 60, 66. Moreover, it is evident that the magistrate and the court awarded appellee the $25,000 value for the scrapbooks as part of the division of marital property. Because the only evidence in the record supports this finding, we find that the trial court's attitude in awarding the same to appellee is not unreasonable, arbitrary, or unconscionable. Appellant's third assignment of error is found not well-taken.
 {¶ 27} The judgment of the Williams County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Williams County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4. *Page 11 
Peter M. Handwork, J., Mark L. Pietrykowski, J., and Arlene Singer, J., concur.
[1] Appellee later obtained a fourth Parent Plus loan for which she is solely responsible to repay.
[2] On March 20 and April 26, 2007, a magistrate entered a decision ordering appellant, by agreement of the parties, to give, inter alia, the Creative Memories scrapbooks to appellee. *Page 1